IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **HERBERT JENA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No. **3:21-CV-02514-L** |
| § | |
| **GEO GROUP, INC., ARMANDO** § | |
| **MIRELES, WARDEN FNU GANTO,** § | |
| **WARDEN FNU BINGHAM, OFFICER** § | |
| **AMBER DOSS a/k/a/ JESICA SMITH,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Geo Group, Inc.'s Motion to Dismiss and/or for Summary Judgment ("Motion") (Doc. 5), filed on March 13, 2022. After careful consideration of the Motion, brief, pleadings, and applicable law, the court **grants** Geo Group's Motion to Dismiss and **dismisses with prejudice** Plaintiff's claims of constitutional injury against Defendant Geo Group, Doss, Mireles, Bingham, and Ganto in their official capacities. In light of the court's decisions herein, the court **denies** Geo Group's Motion to Transfer Venue [Unopposed] (Doc. 7).

### I.   Factual and Procedural Background

Plaintiff Herbert Jena ("Plaintiff" or "Mr. Jena") brings claims against Defendants Geo Group, Inc. ("Geo Group") and its current and former employees Officer Armando Mireles, Officer Amber Doss (whom Plaintiff also refers to by the alias "Jessica Smith"), Warden Ganto, and Warden Bingham.[1] Doc. 4 at 1. Plaintiff's claims arise from his time as a federal inmate detained at the Big Spring Corrections and Airpark ("Big Spring"), operated by Geo Group

---

[1] Plaintiff does not provide either Warden's first name, but instead names them as "Warden FNU Bingham" and "Warden FNU Ganto." Doc. 4 at 1. He also alleges that Doss sent "greeting cards and other correspondence to Mr. Jena under the alias of 'Jessica Smith' to avoid being caught." *Id.* at 22.

**Memorandum Opinion and Order – Page 1**

pursuant to a contract with the Federal Bureau of Prisons ("BOP"); Plaintiff was released from Big Spring in March 2021. *Id*. at 3, 5. Mr. Jena contends that while there, employees of Geo Group subjected him to violations of his constitutional rights and various tortious acts. *Id*. at 2. Specifically, Plaintiff alleges that beginning in July 2018, Doss forced him to have a sexual relationship with her to avoid harsh treatment from Big Spring personnel. *Id*. at 2. He alleges that Doss repeatedly snuck into his cell, held him there against his will, and demanded sex; he states that the relationship continued until Doss was terminated in 2019. *Id*. at 4, 6. He avers that after he reported the conduct, the Department of Justice conducted an investigation of the facility and substantiated his allegations. *Id*. at 6. Plaintiff alleges that prior to his placement at Big Spring in 2015, he was incarcerated at another Geo Group facility where a female guard sexually assaulted him, resulting in her termination and his transfer. *Id*. at 7-8.

Beginning in May 2015, Plaintiff alleges that Defendant Armando Mireles, a Special Investigative Administrator at Big Spring, disliked that Plaintiff was in an interracial relationship, and retaliated against him for "dating outside his race" by placing Plaintiff in segregated housing and falsely accusing him of running an illegal business inside the prison. *Id*. at 2-3, 5. Those disciplinary charges were ultimately dropped. *Id*.

Plaintiff also maintains that Geo Group, Warden Ganto, and Warden Bingham are vicariously liable under the theory of *respondeat superior* for the alleged constitutional injuries and torts committed by Doss and Mireles. *Id*. at 2-3. Mr. Jena states that "sexual assault against inmates is so overt, prevalent, and widespread in the Geo-operated Big Spring facilities by prison staff that it would be impossible for Defendants Geo [Group], Ganto and Bingham not to have been aware of the misconduct." *Id*. at 15. Plaintiff alleges that Warden Ganto and Warden Bingham

negligently hired staff who would violate Plaintiff's constitutional rights, negligently failed to train and supervise staff, and created a culture of retaliation and sexual assault. *Id*. at 4-5.

Plaintiff now brings federal and state law claims against Geo Group and the individual Defendants in their official and individual capacities. *Id*. at 4. Specifically, Plaintiff asserts claims under 42 U.S.C. § 1983 and § 1988 against all Defendants for violations of his First, Fourth, Eighth, and Fourteenth Amendment rights; claims for constitutional deprivations alternatively brought against Doss, Ganto, and Bingham under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); claims for negligent hiring, training, and supervision, negligence *per se*, and *respondeat superior* liability against Defendants Geo Group, Warden Ganto, and Warden Bingham; and state law claims of battery, negligence *per se*, intentional infliction of emotional distress, false imprisonment against Defendant Doss.[2] Plaintiff seeks money damages. Doc. 4 at 21-22.

Plaintiff filed his Complaint (Doc. 1) on October 13, 2021, and then filed a First Amended Complaint ("FAC") (Doc. 4) on March 3, 2022, nearly five months later, without first seeking leave of court to do so and beyond the time permitted by Rule 15(a)(1) of the Federal Rules of Civil Procedure. Regardless of the untimely filing, Geo Group responded to FAC as though properly filed. Docs. 5, 7. Accordingly, in the interest of judicial economy, the court construes Plaintiff's FAC as a motion seeking leave to amend and **grants** the motion. Plaintiff's FAC is now the operative pleading in this case.

---

[2] Plaintiff states that Doss committed negligence *per se* by sexually assaulting him because the Prison Rape Elimination Act (PREA) is meant to provide inmates legal protection from rape. Doc. 4 at 12-13. The PREA, however, does not create a provide cause of action, and thus Plaintiff cannot assert a claim under it. *See Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015) (relying on persuasive out-of-circuit cases making the same point). Accordingly, any claim brought by Plaintiff under the PREA is dismissed with prejudice as legally frivolous. Likewise, Plaintiff's claims asserted under Section 1988—the statute proscribing the procedural process to assert a civil rights cause of action and receive attorney's fees—are dismissed with prejudice because Section 1988 does not provide a cause of action. *See* 42 U.S.C. § 1988.

**Memorandum Opinion and Order – Page 3**

## II.     Lack of Jurisdiction over Individual-Capacity Defendants

Before addressing the Motion, the court must consider the Defendants against whom Plaintiff brings official and individual capacity claims. Although Plaintiff sues for violations of his constitutional rights against Geo Group and the individually named Defendants Doss, Mireles, Bingham, and Ganto (collectively, "the Individual Defendants") in their official and individual capacities, these Defendants consist of a private corporation and private individuals, who do not have "official capacities" for the purpose of asserting federally protected rights under Section 1983 or *Bivens*. *Ellibee v. Leonard*, 226 F. App'x 351, 357 (5th Cir. 2007); *Vetcher v. Immigr. & Customs Enf't*, No. 1:16-CV-0164-C, 2018 WL 11174809, at *4 (N.D. Tex. Nov. 29, 2018). Therefore, any alleged "official capacity" claim against an Individual Defendant acting as an employee of Geo Group—which is how Plaintiff characterizes his official capacity claims against the Individual Defendants—is tantamount to a claim against Geo Group as the employing entity. Moreover, a suit against for damages against a public official in his or her official capacity is a suit against the governmental entity that employs the individual. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (state officers sued for damages in their official capacity assume the identity of the government that employs them); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (official capacity suits are simply another way of pleading an action against an entity of which an officer is an agent). Thus, Plaintiff's "official capacity" suit against the Individual Defendants is, in reality, a suit against Geo Group, the entity that employs them. Accordingly, the court will categorize and analyze Plaintiff's claims as against: (1) Geo Group, including the allegations against and its employees acting in their purported official capacity; and (2) the Individual Defendants sued in their individual capacities.

As for the Individual Defendants sued in their individual capacities, the court does not have personal jurisdiction over them because they have not yet been served. Plaintiff, through his counsel of record, filed his FAC on March 3, 2022. Doc. 4. More than 90 days have passed, and the clerk's docket sheet reflects that no service has been made on the Individual Defendants. Although Geo Group waived service over the summons in the FAC for itself, it did not waive service on behalf of the Individual Defendants. *See* Doc. 5 at 1. Accordingly, those Individuals Defendants have not been served in their individual capacity as required by Federal Rule of Civil Procedure 4. When service is not made on a defendant within 90 days after filing of the complaint, the court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice, or, instruct the plaintiff to effect service within a specific time. Fed. R. Civ. P. 4(m).

Plaintiff is hereby **directed** to effect service on Defendants Doss, Mireles, Ganto, and Bingham **no later than January 26, 2023, by 5:00 p.m.**, or show good cause in writing for the failure or inability to effect service on these Defendants by January 26, 2023. Failure of Plaintiff to effect service or show good cause will result in dismissal of this action without prejudice as to these Individual Defendants.

### III.  Motion to Dismiss

#### A.  Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id*.; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id*. (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012)

(citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise

some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

    B. Discussion

        1. Geo Group's Contentions

On March 13, 2022, Defendant Geo Group filed its Motion and corresponding Brief (Doc. 6), requesting that the court dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim against Defendant or, in the alternative, as a motion for summary judgment under Rule 56. Doc. 6 at 6-9. Geo Group seeks dismissal of Plaintiff's claims because "[a]ny federal constitutional claims brought against Geo under § 1983 must be dismissed for lack of state action, because private entities, and their employees, under contract to confine federal prisoners do not act under color of state law." *Id.* at 6 (citing *Sandoval v. Wackenhut Corr. Corp.*, 21 F.3d 1109, at *2 n.3 (5th Cir. 1994) (unpublished). Geo Group argues that Plaintiff's other claims are time-barred because Mr. Jena's claims of sexual abuse occurred until Doss's termination in March 2019 and he filed his Complaint in October 2021, which is more than two years after any cause of action would accrue.[3] *Id.* at 7-8. Finally, Geo Group asserts that Plaintiff's remaining claims must be dismissed for implausibility because: (1) none could have accrued within the actionable statute of limitations; (2) none was committed by a state actor; (3) causes of action that flow as a result of a prison disciplinary case are barred under the *Heck* doctrine (*Heck v. Humphrey*, 512 U.S. 477 (1994)); and (4) *Bivens* claims do not extend to private corrections facilities like those operated by Geo Group. *Id.* at 8-9.

---

[3] The court notes that in requesting dismissal on statute of limitations grounds, Geo Group mischaracterizes all Plaintiff's state tort-law claims as stemming from Doss's alleged sexual abuse of Plaintiff. Mr. Jena, however, brings claims for retaliation against Defendant Mireles, and other tort claims for both personal responsibility and *respondeat superior* liability for Defendants Warden Bingham and Warden Ganto, which the Motion does not address.

**Memorandum Opinion and Order – Page 8**

Plaintiff moved the court twice for an extension of time to respond to the Motion, and the court granted both. *See* Docs. 9, 10, 11, 12. Despite the twice-extended deadline, Plaintiff has failed to respond to the Motion, and the time to do so has now expired. For the reasons stated herein, the court **grants** the Motion and **dismisses** Plaintiff's claims for constitutional injury against Geo Group and the Individual Defendants Warden Bingham, Warden Ganto, and Doss in their official capacities.

2. Constitutional Claims Brought Under Section 1983

First, Geo Group argues that Plaintiff's constitutional deprivation claims brought under 42 U.S.C. § 1983 must be dismissed for lack of a state actor. Doc. 6 at 6-7. Geo Group argues that Mr. Jena's claims asserting denial of his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments must be dismissed because Geo Group, a private corporation under contract, is not a state actor subject to suit under Section 1983. *Id*. at 6. The court agrees.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994) (internal quotation omitted). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To bring a claim under Section 1983, a plaintiff must allege facts that allow the court to reasonably infer that: (1) he or she has been deprived of a right secured by the Constitution or the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.,* 402 F.3d 545, 549 (5th Cir. 2005). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky,* 457 U.S. 991, 1002 (1982). Private action may be deemed state action

for purposes of Section 1983 only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).

It is well-settled that private corporations who have contracted with the federal government to confine federal prisoners do not act under color of state law, and neither do their employees. *See Sandoval*, 1994 WL 171703 at *2 n.3 (recognizing that employees of a privately run correctional facility operated under contract with the federal government were not state actors for purposes of Section 1983); *see also Eltayib v. Cornell Cos., Inc.*, 533 F. App'x 414, 414-15 (5th Cir. 2013) ("Cornell, GEO, and their employees are not subject to suit as state actors under § 1983. BSCC is a federal prison and '§ 1983 applies to constitutional violations by state, rather than federal, officials.'").

As alleged by Plaintiff, Geo Group is a private corporation acting under contract with the BOP. Plaintiff has not alleged facts showing that Defendant is a state actor that is subject to suit under Section 1983. Likewise, the Individual Defendants acting as employees of Geo Group are not state actors and therefore cannot be held liable under Section 1983. Thus, Plaintiff cannot assert Section 1983 liability for Geo Group or the Individual Defendants in their official capacity for alleged violations of his constitutional rights. Further, in light of this determination, any claim for supervisory liability is quite beside the point.

Moreover, as Geo Group is a corporation under contract with the federal BOP, this action cannot be brought pursuant to Section 1983. Even if Mr. Jena showed that Geo Group or its employees were state actors for the purpose of asserting a constitutional deprivation, Section 1983 is not the proper vehicle to bring suit because actions against federal officers for constitutional injuries are properly brought under *Bivens*. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). Accordingly, he has not alleged a plausible claim of constitutional injury under Section 1983

because he alleges a private corporation and its employees are responsible for those violations, which occurred while he was detained as a federal prisoner.

For these reasons, the court determines that Plaintiff has not alleged a plausible Section 1983 claim of a constitutional injury against Geo Group, and Doss, Mireles, Warden Bingham, and Warden Ganto in their official capacities, and **grants** the Motion. Accordingly, Plaintiff's claims against Defendant Geo Group, Inc., and Defendants Doss, Mireles, Bingham, and Ganto in their official capacities are **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### 3. Constitutional Claims Brought Under *Bivens*

Geo Group asserts that Plaintiff's constitutional deprivation claims brought alternatively under *Bivens* must also be dismissed for failure to state a plausible claim because private companies and their employees are not subject to a *Bivens* remedy. Doc. 6 at 9. In his FAC, Mr. Jena asserted a *Bivens* claim against Defendants Bingham, Ganto, and Doss "[a]s an alternative to Plaintiff's claims against Defendants [] under 42 U.S.C. § 1983" based on the same factual allegations supporting as his Section 1983 claims.[4] Doc. 4 at 18-21.

A *Bivens* action is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). A claim brought under *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under Section 1983 to injuries from federal actors. *Izen*, 398 F.3d at 367 n.3; *see also Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

---

[4] The court notes that Mr. Jena did not allege a *Bivens* claims against Geo Group, and accordingly, addresses the Motion's argument only as to the claims asserted in the FAC.

**Memorandum Opinion and Order – Page 11**

A *Bivens* action, however, is a limited cause of action, intended to provide a plaintiff a remedy for an individual federal officer's violations of constitutional rights where no other alternative remedy is available. *Correctional Servs. Corp.*, 534 U.S. at 69-70. In the context of privately operated prisons, the Supreme Court has declined to extend *Bivens* as a remedy for constitutional deprivations by both the corporate facility and individual employees. In *Correctional Servs. Corp. v. Malesko*, for example, the Supreme Court held that a prisoner could not bring a *Bivens* claim for monetary damages against a privately operated prison facility acting under color of federal law. 534 U.S. at 66. In *Minneci v. Pollard*, the Supreme Court further restricted *Bivens* by holding that a prisoner may not recover against individual employees of a privately operated prison where state tort law provides an adequate alternative remedy for the claimed constitutional violation. 565 U.S. 118, 125-31 (2012).

Here, Plaintiff's claims against Geo Group's current and former employees Bingham, Ganto, and Doss are not viable causes of action under *Bivens*. Because Geo Group is a private facility and its employees Doss, Bingham, and Ganto were acting as its employees, no *Bivens* action is available against either the prison entity itself or its employees for allegedly violating Plaintiff's constitutional rights. In other words, *Bivens* liability does not extend to employees of privately operated prisons such as Geo Group because the employees' acts or conduct is not fairly attributable to the federal government. *Malesko*, 534 U.S. at 67.

Further, these Defendants, as employees of a privately operated prison, are not subject to suit under *Bivens* because Mr. Jena has a parallel remedy for their alleged tortious actions in state court. When an inmate alleges a constitutional violation, and "where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . the prisoner must seek a remedy under state tort law." *Minneci*, 565 U.S. at 131. Plaintiff's allegations of battery, false

**Memorandum Opinion and Order – Page 12**

imprisonment, intentional inflection of emotional distress, and negligence are tort causes of action and are properly brought in state court. As such, his allegations of tortious actions causing a constitutional injury are precluded here. *See Barnett*, 2017 WL 3896363, at *3.

For these reasons, the court finds that Plaintiff has failed to state a plausible *Bivens* claim upon which relief may be granted against Defendants Bingham, Ganto, and Doss, and **grants** Geo Group's motion. Accordingly, the court **dismisses with prejudice** Plaintiff's *Bivens* claims against Defendants Warden Bingham, Warden Ganto, and Doss in their official capacities. Because the court has already ruled that Plaintiff has failed to state a claim against these Defendants, the court need not address the Motion's arguments on the statute of limitations and *Heck* doctrine.[5] As determined, the court **grants** the Motion and **dismisses with prejudice** any remaining constitutional claims against Geo Group and Defendants Doss, Mireles, Bingham, and Ganto in their official capacities.

## IV.   Motion to Transfer Venue

On the same day that Geo Group filed its Motion to Dismiss, it filed its Motion to Transfer Venue [Unopposed] (Doc. 8), asking the court to transfer the case to the San Angelo or Abilene divisions of the North District of Texas as the better forum under the *Volkswagen* factors. *In re Volkswagen America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). In its supporting Brief, Geo Group asserts that Defendants are located at the Geo Group facility in Big Spring, Texas, which is within Howard County, and therefore either Abilene or San Angelo is the more convenient forum to try this case. Doc. 8 at 7.

The Motion to Transfer does not address whether Geo Group seeks venue transfer if the

---

[5] Contrary to counsel's statement to the court's law clerk that implies that the court delayed its ruling because this Motion presented an easy decision, counsel must recognize that the Motion and accompanying brief are not models of pellucid draftsmanship, which has caused the court to engage in painstaking and line-by-line analysis of the arguments asserted in the Motion.

**Memorandum Opinion and Order – Page 13**

court grants its Motion to Dismiss; in fact, taken together as the two motions were filed on the same date, Geo Group requests opposing relief from the court. Either the court transfer the claims to the Abilene or San Angelo divisions or dismiss Plaintiff's claims with prejudice. The inconsistent requests and confusing Motion to Dismiss have caused the court to expend more time than is necessary to understand and evaluate Geo Group's motions.

In light of the court's decision to grant Geo Group's Motion to Dismiss Plaintiff's claims of constitutional injury and the court's order for Plaintiff effect service on the Individual Defendants, the court declines to transfer the lawsuit to a different court. Accordingly, the court **denies** Geo Group, Inc.'s Motion to Transfer Venue [Unopposed] (Doc. 7).

### V.     Amendment of Pleadings

As the court noted above, Plaintiff did not respond to the Motion and thus did not request to amend his pleadings in the event the court determined that he failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). In light of the standard for alleging constitutional deprivations, the court has concerns whether Mr. Jena can plead sufficient facts to show a legally cognizable claim for a constitutional

injury against Doss, Mireles, Ganto, and Bingham acting in their "official capacity." As employees of Geo Group, these individuals are not state actors and likely cannot be held liable for any alleged deprivation of constitutional rights. Thus, the court is concerned that any amendment that asserts these kinds of claims would be futile.

Additionally, Plaintiff's prosecution of his own case has been lackluster at best. Even after seeking and receiving two extensions to respond, Plaintiff failed to respond to the Motion to Dismiss. Further, as discussed above, Plaintiff has not pursued service on the Individual Defendants. Plaintiff has not shown that his failure to prosecute his case has not been due to "undue delay, bad faith or dilatory motive on the part of the movant," and accordingly, the court is not inclined to preemptively grant Plaintiff permission to amend his pleadings. Finally, Plaintiff did not request leave to amend his pleadings. "[A] party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *United States of America v. Humana Health Plan of Tex.*, 336 F.3d 375, 387 (5th Cir. 2003).

### VI.     Conclusion

For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss and/or for Summary Judgment (Doc. 5). Accordingly, the court **dismisses with prejudice** Plaintiff's claims of constitutional injury against Defendant Geo Group, Inc., and Defendants Amber Doss, Armando Mireles, Warden Bingham, and Warden Ganto in their official capacities. Because the court dismisses Plaintiff's constitutional injury claims against Geo Group and orders Plaintiff to effect service on the unserved Individual Defendants, Geo Group's Motion to Transfer Venue [Unopposed] (Doc. 7) is **denied**. As addressed above, Plaintiff must effect service on Defendants Amber Doss, Armando Mireles, Warden Ganto, and Warden Bingham, sued in their individual capacities, or show good cause in writing for his failure to do so, no later than **January 26, 2023**.

**Memorandum Opinion and Order – Page 15**

**It is so ordered** this 5th day of January, 2023.

*[signature]*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 16**